**BRIAN D. SHAPIRO, ESQ.**
**Law Office of Brian D. Shapiro, LLC**
510 S. 8th Street
Las Vegas, NV 89101
(702) 386-8600 Fax (702) 383-0994
brian@brianshapirolaw.com
Proposed Attorney for Trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No. 21-11271-abl |
| | Chapter 7 |
| MEDOLAC LABORATORIES, A PUBLIC BENEFIT CORPORATION, | |
| Debtor(s). | |

### MOTION TO REINSTATE THE STAY AS TO PROLACTA

Brian D. Shapiro, ("Trustee") submits his motion to reinstate the automatic stay as to Prolacta ("*Motion*"). This Motion is based upon all pleadings on file in this case and any oral argument that this Court may permit. The Trustee respectfully requests this Court to take judicial notice of the pleadings filed in this case and the Court's docket.[1]

---

[1] All references to "ECF No." are to the numbers assigned to the documents filed in this bankruptcy case as they appear on the case docket maintained by the Clerk of the Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. § 101, et seq. All textual references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure. All textual references to "Civil Rule" are to the Federal Rules of Civil Procedure. All references to "FRE" are to the Federal Rules of Evidence

## BACKGROUND[2]

1. On March 17, 2021, Medolac Laboratories, a Public Benefit Corporation ("**Medolac**") filed a Chapter 11 Bankruptcy Petition and chose to proceed under Subchapter V of Chapter 11 ("**Petition**"). See, ECF No. 1.

2. The Petition contained the list of the 20 largest unsecured claims and are not insiders. See, ECF No. 1, p. 12-15.

3. The Petition contained a 7-page creditor matrix which had a 3-column list of creditors and parties of interest. See ECF No. 1, p. 17-24.

4. Medolac filed bankruptcy for a variety of reasons, including but not limited to litigation pending between Medolac and Prolacta Bioscience, Inc ("**Prolacta**"). The litigation was filed in the Superior Court, Orange County California, Case No. 30-2015-00767116-CU-NP-CJC (the "**Prolacta Litigation**"). See generally, ECF No. 20 at p. 11, 1-22-27 and 25-26, l. 24-9.

5. On April 7, 2021, Prolacta filed a motion for relief from the automatic stay so that it may proceed with the Prolacta Litigation ("**Motion for Relief**"). See, ECF No. 66.

6. On April 8, 2021, Prolacta filed its notice of hearing on the Motion for Relief ("**Notice of Hearing**"). See, ECF No. 71

7. On April 8, 2021, Prolacta filed a certificate of service which stated it served the Motion for Relief from Stay only upon the parties that received ECF Notice. See, ECF No. 73.

8. On April 8, 2021, Prolacta filed a certificate of service which stated that it served the Notice of Hearing only upon the parties that received ECF Notice. See, ECF No. 76.

---

[2] It is requested that this Court take judicial notice of the official court docket in Debtor's case to the extent appropriate under and permitted by FRE 201(b) and (c)

9. On May 12, 2021, the Court heard the Motion for Relief and orally granted the Motion for Relief on May 26, 2021.  See, ECF No. 213.

10. On May 13, 2021, Prolacta, with a request for shorten time, filed a motion to dismiss ("**Motion to Dismiss**").

11. On May 18, 2021, the Court entered an order granting Prolacta's request to hear the Motion to Dismiss on shorten time.  See, ECF No. 147.

12. On May 26, 2021, Prolacta filed an unsecured proof of claim in the amount of $18,000,000 ("**Prolacta's Proof of Claim**").  See, Claim #28.

13. Prolacta's Proof of Claim attached the following statement:

> "[t]he filing of this Creditor's Claim does not waive Prolacta Bioscience, Inc.'s right to a jury trial nor does it subject Prolacta Bioscience, Inc. to the jurisdiction of the Bankruptcy Court as it relates to its' claims for relief set forth in its' state court lawsuit, pursuant to the relief from stay granted and ordered by the Honorable Chief Judge Landis on May 26, 2021 at 2:30 PM."

14. On June 4, 2021, this Court entered an order granting Prolacta's Motion for Relief.  See, ECF No. 213 (the "**Order**").

15. On June 7, 2021, Prolacta filed a notice of entry of the Order granting Prolacta's Motion for Relief ("**Notice of Entry**").  See, ECF No. 214.

16. On June 7, 2021, Prolacta served the Notice of Entry on the parties registered with ECF and mailed the Notice of Entry to Hemult Koen, PC, Hone Law, LLC, James S. Livermon, III and Elena M. Medo.  See, ECF No. 215.

17. On July 2, 2021, the Court stated its oral ruling granting the Motion to Dismiss for cause and converting the case under chapter 7.  See, ECF No. 234.

18. As of this date, the Bankruptcy Estate has not objected to the Prolacta Proof of Claim.  The Bankruptcy Estate has no funds to pay special counsel to defend the Prolacta Litigation. The Trustee is unaware of any insurance coverage for the Prolacta Litigation. Currently,

the Chapter 7 Bankruptcy Estate is administratively insolvent. See generally, Declaration of Trustee.

## LEGAL ARGUMENT

**JURISDICTION, VENUE; CORE PROCEEDING**

19. This Court has jurisdiction over Debtor's Chapter 7 bankruptcy case. 28 U.S.C. §§ 1334(a) and 157(a), and LR 1001(b)(1).

20. Venue of Debtor's Chapter 7 bankruptcy case is proper in the District of Nevada under 28 U.S.C. §1408(1).

21. Under 28 U.S.C. §§ 1334 and 157(b)(2)(B), (G) and (O), bankruptcy courts have core subject-matter jurisdiction as to allowance of claims, motions for relief and other proceedings affecting the liquidation of the assets of the estate.

**CONTROLLING LAW AND STATUTORY PROVISIONS**

22. The Trustee is requesting this Court to reinstate the automatic stay by vacating the Order because (1) of changed circumstances since the Motion for Relief was filed and/or alternatively, (2) the Order is void based upon lack of notice of the Motion for Relief and Notice of Hearing. As such, the Trustee is requesting this Court to reinstate the automatic stay by vacating the Order.

**Changed Extra-Ordinary Circumstances**

23. Bankruptcy Rule 9024 provides a party for relief from a judgment or order. Such rule provides:

> Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a

> complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by §727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by §1144, §1230, or §1330. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.
>
> Bankruptcy Rule 9024.

24. Civil Rule 60(b)(6) is very broad and gives courts ample power to set aside judgments or orders whenever appropriate to accomplish justice. *Klapprott v. United States*, 335 U.S. 601, 614, 69 S. Ct. 384, 390, 93 L. Ed. 266 (1949). *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982) (quoting *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266, 93 L.Ed. 1099 (1949) ); *see also Fleming v. Gulf Oil Corp.*, 547 F.2d 908, 912 (10th Cir. 1977) (explaining that *Klapprott*, 335 U.S. at 614, 69 S.Ct. 384, shows that, "[l]ike Rule 60(b) generally, clause (6) should be liberally applied to situations not covered by the preceding five clauses so that, giving due regard to the sound interest underlying the finality of judgments, the district court, nevertheless, has power to grant relief from a judgment whenever, under all the surrounding circumstances, such action is appropriate in the furtherance of justice" (quoting 7 Moore's Federal Practice at 342–43 (2d ed. 1975))). However, "[a] movant seeking relief under Rule 60(b)(6) must show ' "extraordinary circumstances" justifying the reopening of a final judgment.' " *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ).

25. On May 12, 2021, this Court heard argument on the Motion for Relief and took the matter under advisement. After such hearing, Prolacta filed its Motion to Dismiss and its Proof of Claim. The Motion to Dismiss was granted but the Court determined that it was in the best interest of creditors to convert the case to a Chapter 7.

26. The Chapter 7 Trustee is now in charge of the Bankruptcy Estate and has a variety of duties as stated under Section 704. In particular, the Trustee is responsible to collect and reduce to money the property of the estate for which the trustee serves, examine proof of claims and object to allowance of claims and investigate the financial affairs of the debtor.

27. Under Section 502(a), if a proof of claim is timely filed, the underlying claim is deemed allowed unless a party in interest objects. Under Rule 3001(f), a properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. In order for a party to object to a proof of claim, the objection to a proof of claim must be accompanied by sufficient evidence to rebut the prima facie validity of the claim. See *Garner v. Shier* (In re Garner), 246 B.R. 617, 624 (B.A.P. 9th Cir. 2000).

28. After the Motion for Relief, Prolacta timely filed its proof of claim, and it is deemed allowed. The Trustee has not objected to Prolacta's Proof of Claim. Prolacta, under penalties of perjury, has set forth the amount of its claim in the amount of $18 million.

29. By filing the Proof of Claim, Prolacta consented to the jurisdiction of the Bankruptcy Court and has lost its right to a jury trial   See generally, *Langenkamp v. Culp,* 498 U.S. 42, 45 (1990) citing to *Granfinanciera, S. A. v. Nordberg*, 492 U.S. 33 (1989). See also, *In re Smith*, 389 B.R. 902, 907 (Bankr. D. Nev. 2008) citing to *Hong Kong and Shanghai Banking Corp., Ltd. v. Simon*, 153 F.3d 991, 997 (9th Cir. 1998) for the proposition that "Adelson's proof of claim purports to reserve his right to jury trial, but he can no more stave off a waiver in that manner than he could accede to this court's jurisdiction only on the condition that he win. As *Langenkamp* and *Simon* establish, filing a proof of claim carries with it undeniable waivers and risks, and Adelson and his lawyers should have known of these when they filed Adelson's complaint and his proof of claim."

30. The extra-ordinary circumstances that occurred after the Motion for Relief, were the filing of the Proof of Claim, the order granting the Motion to Dismiss, the conversion of the Bankruptcy Case to a Chapter 7 and the appointment of a Chapter 7 Trustee.

31. The Debtor is no longer reorganizing. The newly appointed Chapter 7 Trustee, as the representative of the Bankruptcy Estate, is now in charge to administer the assets of the Estate and to examine the proof of claims.

32. The Trustee understands that in the context of a Chapter 11, with no proof of claim filed and with pending plan confirmation, it may have been appropriate to grant stay relief.

33. However, this is now a Chapter 7 Case. Prolacta filed its Proof of Claim and there is no plan of reorganization.

34. In the context of a Chapter 7, the proof of claim process was specifically developed to avoid these types of situations.

35. Prolacta set forth the amount of its entire claim at $18 million dollars and consented to the jurisdiction of this Court with a waiver of a jury trial. There is no need for the Prolacta Litigation to continue. To be sure, the Trustee has not objected to the claim and at this time, has no reason to object.

36. Despite the claim being deemed allowed, the Order is forcing the Trustee to consider expending funds to defend this action to the potential detriment of the Bankruptcy Estate. It is one thing if there was insurance coverage or if this was a solvent Bankruptcy Estate, but it is not.

37. Once again, at the time of the hearing on the Motion for Relief, Prolacta had not filed its Proof of Claim and the Motion to Dismiss had not been filed. Those two pleadings resulted in the Court having jurisdiction over Prolacta, a waiver of a jury trial and a presumption

that the claim is allowed until objected. Moreover, at the time of the ruling, this was a Chapter 11 case. The case is now in the context of a Chapter 7 and there is absolutely no need to move forward with the Prolacta Litigation. Prolacta has an allowed $18 million dollar claim. Based upon these circumstances, this Court should set aside the order and reinstate the stay.

**The Order is Void**

38. The Trustee is a representative of all creditors and has discovered that the Motion for Relief and the Notice of Hearing was not served in accordance with the Bankruptcy Rules. Accordingly, for procedural reasons, the Order is void and should be set aside.

39. Rule 60(b)(4) provides that on a motion and just terms, the court may relieve a party or its legal representatives from an order if the judgment is void.

40. The estate is represented by a trustee who acts as a fiduciary for the debtor's creditors and shareholders. 11 U.S.C. § 323(a) and *Commodity Futures Trading Comm'n. v. Weintraub*, 471 U.S.343, 355, 105 S.Ct.1986, 1994, 85 L. Ed. 2d. 372 (1985). For instance, under Section 544, the trustee is empowered to bring claims that may be brought a creditor holding an unsecured claim.

41. In a Chapter 11, a motion for relief from an automatic stay shall be served upon the creditors included on the list filed pursuant to Rule 1007(d), and on any such other entities as the court may direct.

> A motion for relief from an automatic stay provided by the Code or a motion to prohibit or condition the use, sale, or lease of property pursuant to §363(e) shall be made in accordance with Rule 9014 and **shall be served** on any committee elected pursuant to §705 or appointed pursuant to §1102 of the Code or its authorized agent, or, if the case is a chapter 9 municipality case or a chapter 11 reorganization case and no committee of unsecured creditors has been appointed pursuant to §1102, on the creditors included on the list

>filed pursuant to Rule 1007(d), and on such other entities as the court may direct.
>
>Rule 4001(a)(1) (emphasis added)

42. Rule 1007(d) is the list of the 20 largest creditors in a Chapter 11 bankruptcy case.

>List of 20 Largest Creditors in Chapter 9 Municipality Case or Chapter 11 Reorganization Case. In addition to the list required by subdivision (a) of this rule, a debtor in a chapter 9 municipality case or a debtor in a voluntary chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form. In an involuntary chapter 11 reorganization case, such list shall be filed by the debtor within 2 days after entry of the order for relief under §303(h) of the Code.
>
>Rule 1007(d)

43. The due process clause of the Fifth Amendment requires that notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

44. If the notice requirement of the due process clause is not satisfied, the order is void . *In re Center Wholesale*, 759 F.2d 1440, 1448 (9th Cir. 1985); *In re Moberg*, 112 B.R. 362, 363 (9th Cir. BAP 1990); *In re Blumer* 66 B.R. 109, 113 (9th Cir. BAP 1986), affirmed 826 F.2d 1069 (9th Cir. 1987).

45. Here, Prolacta's Motion for Relief was required to be served upon the 20 largest unsecured creditors. Rather than serving the 20 largest creditors, Prolacta relied upon electronic notice and the Court's Electronic Case Filing system serving such motion and notice of hearing only upon the following parties who appeared in this case:

DONALD H. CRAM on behalf of Creditor DOUG HUGHES
dhc@severson.com, emr@severson.com;dmg@severson.com

MARJORIE A. GUYMON on behalf of Creditor PROLACTA BIOSCIENCE
bankruptcy@goldguylaw.com, selenav@goldguylaw.com;peterc@goldguylaw.com;jschneringer@goldguylaw.com;ljohns@goldguylaw.com;peggyg@goldguylaw.com

JAMES ANDREW HINDS, JR on behalf of Creditor PRO LEAD SOFT
jhinds@hindslawgroup.com

JAMES S LIVERMON, III on behalf of Creditor LIQUID GOLD, LLC
charlie.livermon@wbd-us.com, kim.cone@wbd-us.com

AMANDA M. PERACH on behalf of Creditor DOUG HUGHES
aperach@mcdonaldcarano.com, kkirn@mcdonaldcarano.com

PATRICK A ROSE on behalf of Creditor SMALL BUSINESS ADMINISTRATION
Patrick.Rose@usdoj.gov, Dionne.white@usdoj.gov;maritess.recinto@usdoj.gov;Eunice.jones@usdoj.gov;maria.covarrubias@usdoj.gov;samira.tamules@usdoj.gov;angel.villalpando@usdoj.gov

PATRICK A ROSE on behalf of Creditor THE UNITED STATES, ON BEHALF OF ITS AGENCY, THE SMALL BUSINESS ADMINISTRATION
Patrick.Rose@usdoj.gov, Dionne.white@usdoj.gov;maritess.recinto@usdoj.gov;Eunice.jones@usdoj.gov;maria.covarrubias@usdoj.gov;samira.tamules@usdoj.gov;angel.villalpando@usdoj.gov

BRIAN D. SHAPIRO
brian@trusteeshapiro.com, nv22@ecfcbis.com;kristin@trusteeshapiro.com;connie@brianshapirolaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

RYAN J. WORKS on behalf of Creditor DOUG HUGHES
rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

MATTHEW C. ZIRZOW on behalf of Debtor MEDOLAC LABORATORIES, A PUBLIC BENEFIT CORPORATION
mzirzow@lzlawnv.com, carey@lzlawnv.com;trish@lzlawnv.com;allison@lzlawnv.com;zirzow.matthewc.r99681@notify.bestcase.com

See, ECF No. 73 and 76.

46. Comparing the service list provided by Prolacta at ECF No. 73 and 76 with the list of creditors provided by the Debtor at ECF No. 1, p. 12-15, it is apparent that Prolacta failed to serve 18 of the 20 largest unsecured creditors. The parties who did not receive notice and the amount of their claims include:

| Claimant | Amount of Claim |
| --- | --- |
| Internal Revenue Service | $1,057,592.34 |
| Rutan & Tucker | $766,698.32 |
| Honeycomb Portfolio, LLC | $250,000.00 |
| Chenowith Law Group | $147,430.35 |
| Jeffrey Schumaker | $100,000.00 |
| Pamela Moffat PD | $100,000.00 |
| Full Tilt Capital, LLC | $100,000.00 |
| Stris & Maher, LLP | $94,499.86 |
| California Strategies Advocacy, LLC | $90,000.00 |
| Markowitz Herbold PC | $77,709.35 |
| O'Reilly Law Group | $75,472.30 |
| Stearns Bank N.A. | $73,853.98 |
| M2 Lease Funds, LLC | $69,057.78 |
| Goodwin Proctor LLP | $65,466.48 |
| Boly Welch | $63,000.00 |

| Larson O'Brien LLP | $57,079.25 |
| --- | --- |
| Berry Investment, LLC | $54,388.40 |
| Drinkle Biddle & Reath LLP | $53,312.61 |

47. Failure to provide notice to 18 of the 20 largest unsecured creditors is detrimental to the fundamental notion of due process. As notice was not provided, the order is void.

48. The Trustee, as the representative of the Estate and as an officer of the Court, requests this Court, to vacate this void order.

## **CONCLUSION**

49. At the time this Court orally granted the Motion for Relief, this Court was unaware that Prolacta would be filing the Motion to Dismiss nor filing its Proof of Claim. Similarly, it was not until very recent did this Court grant the Motion to Dismiss by converting the case to a Chapter 7 which resulted in a Chapter 7 Trustee being appointed. Based upon these new facts which created extenuating circumstances, the Trustee requests this Court to set aside its Order.

50. The Trustee is cognizant that notice to parties is extremely important. In a Chapter 11, Congress utilized the word "shall" in the context of serving a motion and notice of motion for relief of the stay to the 20 largest creditors. In this case, 18 of the 20 largest creditors were not served with the Motion for Relief nor the Notice of Hearing. Absent such service, the Order is void. Therefore, the Trustee respectfully request this Court to set aside the Order.

DATED: 7-13-21

/s/ Brian D. Shapiro
**BRIAN D. SHAPIRO, ESQ.**
**Law Office of Brian D. Shapiro, LLC**
510 S. 8th Street
Las Vegas, NV 89101
(702) 386-8600 Fax (702) 383-0994
brian@brianshapirolaw.com
Proposed Attorney for Trustee