```
 1  MARJORIE A. GUYMON, ESQ.
    Nevada Bar No. 004983
 2  Email: mguymon@goldguylaw.com
    Christi T. Dupont, Esq.
 3  Nevada Bar No. 15537
    cdupont@goldguylaw.com
 4  GOLDSMITH & GUYMON, P.C.
    2055 Village Center Circle
 5  Las Vegas, Nevada 89134
    Telephone:  (702) 873-9500
 6  Facsimile:  (702) 873-9600
    Attorneys for PROLACTA BIOSCIENCE, INC.
 7
```

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | ) Case No. 21-11271-abl |
|---|---|
| MEDOLAC LABORATORIES A PUBLIC BENEFIT CORPORATION, | ) Chapter 7 |
| Debtor. | ) Hearing Date: OST<br>) Hearing Time: OST |

## MOTION TO WITHDRAW PROOF OF CLAIM

COMES NOW, PROLACTA BIOSCIENCE, INC. ("Prolacta"), by and through counsel, Goldsmith & Guymon, P.C., and hereby files the instant Motion to Withdraw Proof of Claim ("the Motion"). This Motion is based upon Federal Rule of Bankruptcy Procedure Rule 3006.

This Motion is supported by the following Memorandum of Points and Authorities, as well as the pleadings and papers on file herein, and the oral argument of counsel upon hearing.

DATED this ___ day of July, 2021.

GOLDSMITH & GUYMON, P.C.

_/s/ Marjorie A. Guymon_
Marjorie A. Guymon, Esq.
Nevada Bar No. 4983
Christi T. Dupont, Esq.
Nevada Bar No. 15537
2055 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Prolacta Bioscience, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL SUMMARY

**A. Background**

1. Medolac Laboratories, a Public Benefit Corporation ("Debtor") filed its' Voluntary Petition for Bankruptcy with this Court on March 17, 2021. *See* ECF No. 1.

2. Prolacta filed its Motion for Relief from the Automatic Stay ("Motion for Relief") on April 7, 2021. *See* ECF No. 66. The matter was heard on May 26, 2021 and granted on June 4, 2021. *See* ECF No. 213.

3. Debtor attempted to achieve confirmation of a Subchapter V Chapter 11 reorganization plan that would effectively wipe out Prolacta's intellectual property claims asserted in its' State Court Case (Superior Court, Orange County, California, Case No. 30-2015-00767116-CU-NP-CJC).

3. Because the only way to prevent the Debtor from successfully confirmation a Chapter 11 Plan was to file an objection, Prolacta filed a proof of claim on May 26, 2021.[1] Therein, Prolacta estimated its' monetary damages resulting from Debtor's theft of intellectual property at $18,000,000.00. Attached to the proof of claim is an explicit disclaimer outlining Prolacta's preservation of rights to a jury trial per this Court's lift stay order. More specifically, the declaration states "The filing of this Creditor's Claim does not waive Prolacta Bioscience, Inc.'s right to a jury trial nor does it subject Prolacta Bioscience, Inc. to the jurisdiction of the Bankruptcy Court as it relates to its' claims for relief set forth in its' state court lawsuit, pursuant to the relief from stay granted and ordered by the Honorable Chief Judge Landis on May 26, 2021 at 2:30 P[.]M."

4. After hearing Prolacta's Motion to Dismiss and the Objection to Debtor's Plan, this Court converted Debtor to a Chapter 7 bankruptcy on July 7, 2021. *See* ECF 237.

5. The preservation of Prolacta's intellectual property rights remain its' top priority. It

---

[1] ECF No. 174, Claim No. 28-1.

1  is clear that Debtor's bankruptcy estate is minimal, excluding Prolacta's intellectual property since it was Prolacta's SOPs, fortifier, and customer lists from which Debtor derived its' product.

6. Due to the conversion of this case from Chapter 11/Subchapter V to Chapter 7, Prolacta does not believe there will be any significant distribution to unsecured creditors[2]. As such, it has filed an amended Proof of Claim of $0 and now desires to withdraw its monetary claim.

7. Prolacta's sole desire is to obtain confirmation from a jury in the State Court Case that Medolac and the other named defendants stole its intellectual property, require its return, and receive an injunction against the defendants from selling or utilizing its' assets.

## II. LEGAL ARGUMENT

**A. Prolacta should be allowed to withdraw its' proof of claim with such terms and conditions as this Court deems proper.**

Any creditor can withdraw a claim as of right by filing a notice of withdrawal unless certain circumstances exist. Federal Rule of Bankruptcy Procedure 3006. If a creditor has rejected a debtor's plan or otherwise significantly participated in a case, then the creditor must file a motion to withdraw its' proof of claim. *Id.* Upon a hearing noticed to the trustee the court may allow a creditor to withdraw its' proof of claim. *Id.* The Court must lay out terms and conditions that it sees proper. *Id.* While this Court may order otherwise, an allowed withdrawal ordinarily constitutes withdrawal of any plan rejections. *Id.*

A motion for leave to withdraw a claim under Bankruptcy Rule 3006 is governed by FRCP 41(a) considerations. *In re 20/20 Sport, Inc.*, 200 B.R. 972, 979 (Bankr. S.D.N.Y. 1996) (*citing* Advisory Committee Note to Bankruptcy Rule 3006). The accompanying Federal Rule of Civil Procedure governs dismissal of actions by a plaintiff in a civil suit.

---

[2]Debtor's Schedule of Unpaid Debts, and Final Report and Account (ECF 292) reflects $786,234.26 unpaid Chapter 11/SubChapter V debt, and the IRS filed a Proof of Claim totaling $993,662.41. Meanwhile, its assets are estimated to be worth no more than $322,507 in cash and accounts receivable, plus product it cannot sell.

Voluntary dismissal under FRCP 41(a)(2) is within the court's discretion and thus, the court has the power to weigh the equities and do justice in the case. *Id.* Thus, in ruling on such a motion, the court's discretion is to be exercised with due regard to the legitimate interests of both the plaintiff and the defendant. *Id.* While the rule is to allow a plaintiff to dismiss an action without prejudice to future litigation, the dismissal must not unfairly prejudice the defendant's interests. *Id.* The 9th Circuit has held that legal prejudice is not satisfied by the inconvenience of facing a second lawsuit, loss of choice of forum, loss of a tactical advantage, and dismissal at an early stage of the proceeding. *Id.* Factors pertinent to a Rule 41 prejudice analysis include: diligence in pursuing withdrawal of the claim, undue vexatiousness, the extent the [claim] has 'progressed,' duplication of litigation expense, explanation of the need to withdraw, delay in prosecution of the [claim], prejudice to others and the importance of the claim to the reorganization effort."*Id.*.

    Prolacta objected to Debtor's plan of confirmation. Prolacta participated significantly in Debtor's bankruptcy matter to protect its' intellectual property interests, a legitimate interest. Those interests are the subject of its' State Court Case which seeks to enforce its' intellectual property rights against Debtor. Prolacta's interest to continue the State Court Case against Debtor and withdraw its' proof of claim must not unfairly prejudice Debtor's interests. The fact that facing the State Court Case would be "inconvenient" for Debtor does not rise to the level of unfair prejudice per the 9th Circuit. Prolacta has remained diligent in its' actions to protect and continue working to enforce its' intellectual property rights. It has participated appropriately in Debtor's bankruptcy matter, preserved its' intellectual property rights by way of attachment to its' proof of claim, and achieved an order to lift stay to allow it to proceed against Debtor in the State Court Case.

    Prolacta files this Motion in light of the fact that it no longer needs standing to oppose Debtor's plan. Prolacta's State Court Case does not exhibit undue vexatiousness as it is a necessary lawsuit brought to ensure justice is achieved in its' rightful preservation and enforcement of intellectual property rights. The State Court Case's progress was paused due to the COVID-19 crisis. However, it was near completion prior to the pause and has

continued since this Court's order lifting stay. There is a status hearing scheduled for June 26, 2021. Currently, Debtor Weir requested the status hearing be moved to August.

Debtor's Chapter 7 trustee, Brian D. Shapiro, Esq., has filed a Motion to Reinstate the Stay as to Prolacta (ECF 260) and therein argues that Prolacta submitted to this Court's jurisdiction by filing a proof of claim and should not be allowed to enforce its' right to a jury trial as to the status of the intellectual property by continuing its State Court Case. This argument should not succeed, as Prolacta would be unduly prejudiced. This issue must be decided–the best forum is the California Superior Court where the case has resided for over six (6) years and where a jury was paneled for three (3) weeks.

The Trustee seeks to bar Prolacta from proving that its' intellectual property was stolen by Debtor. The Trustee wants to preserve the right to retain power over all claims Debtor may have against Prolacta. The result would be to utilize the bankruptcy code in a way that prevents justice and allows Debtor to effectively steal Prolacta's intellectual property and prevent it from achieving any due remedy. A motivation of theft cannot stand as a viable reason to disallow Prolacta from withdrawing its' proof of claim.

This Court should allow Prolacta to withdraw its' proof of claim as being no longer necessary because the interests of equity support it and Debtor would not suffer undue prejudice.

### III. CONCLUSION

Prolacta respectfully requests this Court grant its' Motion to Withdraw Proof of Claim pursuant to Federal Rule of Bankruptcy Procedure 3006.

DATED: July 23, 2021.

GOLDSMITH & GUYMON, P.C.

Marjorie A. Guymon, Esq.
Nevada Bar No. 4983
Christi T. Dupont, Esq.
Nevada Bar No. 15537
2055 Village Center Circle
Las Vegas, Nevada 89134