Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
September 02, 2021

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re: ) Case No.: 21-11271-abl
)
MEDOLAC LABORATORIES, A PUBLIC ) Chapter 7
BENEFIT CORPORATION, )
)
    Debtor. ) Hearing Date: August 30, 2021
) Hearing Time: 1:30 p.m.
)
)

**ORDER GRANTING RENEWED MOTION FOR RELIEF FROM AUTOMATIC STAY**

On August 30, 2021, the Court issued its oral ruling on a Renewed Motion for Relief from Automatic Stay ("Renewed Stay Relief Motion") (ECF No. 369).[1] The Renewed Stay Relief Motion was filed on behalf of Prolacta Bioscience, Inc. ("Prolacta").

At the August 30, 2021 oral ruling, Brian D. Shapiro appeared as Chapter 7 Trustee. Attorney Marjorie A. Guymon appeared telephonically on behalf of Prolacta. Attorney Matthew C. Zirzow appeared telephonically on behalf of Medolac Laboratories, A Public Benefit Corporation ("Debtor"). Attorney James S. "Charlie" Livermon, III appeared telephonically on behalf of creditor, Liquid Gold, LLC. Attorney Donald Cram appeared telephonically on behalf of DIP Lender, Doug Hughes. Attorney Megan McHenry appeared telephonically on behalf of

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of the Court.

creditor, M2 Lease Funds. No other appearances were noted on the record.

To the extent that the Court made findings of fact and conclusions of law in the course of its oral ruling on August 30, 2021, those findings of fact and conclusions of law are incorporated into this Order by this reference pursuant to Fed. R. Civ. P. 52, made applicable in this contested matter pursuant to Fed. R. Bankr. P. 9014(a) and (c) and 7052.

For the reasons stated on the record:

**IT IS ORDERED** that the Renewed Stay Relief Motion is **GRANTED** under for cause under 11 U.S.C. § 362(d)(1).

**IT IS FURTHER ORDERED** that the automatic stay under 11 U.S.C. § 362(a), including without limitation 11 U.S.C. §§ 362(a)(1), (3), and (6), is modified as follows:

1. Pursuant to this Order, the automatic stay is modified to allow the State Court[2] to take any and all actions it deems necessary to try, consider, and resolve through a final judgment, all claims and causes of action advanced by and between Prolacta, the Debtor, and/or the Debtor's bankruptcy estate in the State Court Lawsuit[3];

2. Pursuant to this Order, the automatic stay is modified such that the State Court is authorized to enter any and all orders involving the Debtor and/or the Debtor's bankruptcy estate that the State Court deems necessary and appropriate to permit and assure the proper development and preservation of the evidentiary record in the State Court Lawsuit, prior to and during the trial of the State Court Lawsuit; and

3. Pursuant to this Order, if after trial of the State Court Lawsuit a final judgment is entered in favor of Prolacta against the Debtor and/or the Debtor's bankruptcy estate, any and all actions to enforce such judgment against the Debtor and/or the Debtor's bankruptcy estate shall remain subject to the automatic stay absent further order of this Court.

---

[2] As used in this Order, the term "State Court" refers to the Superior Court for Orange County, California.

[3] As used in this Order, the term "State Court Lawsuit" refers to the lawsuit currently pending before the State Court as Case No. 30-2015-00767116-CU-NP-CJC.

**IT IS FURTHER ORDERED** that the Court expressly waives the 14-day stay under Fed. R. Bankr. P. 4001(a)(3), such that all provisions of this Order are effective immediately upon docketing.

**IT IS SO ORDERED.**

Copies sent to all parties via CM/ECF Electronic Filing.

### #